# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-0668V
### Filed: November 29, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MICHAEL CHOI, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' Fees and Costs;
Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, M.A., for petitioner.*
*Douglas Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 29, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act").  Petitioner alleged that he suffered adhesive capsulitis as a result of receiving his October 22, 2012 influenza vaccination. Petition at 1.  On June 27, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation.  (ECF No. 27).

On October 11, 2016, petitioner filed an amended application for attorneys' fees and costs.  (ECF No. 34).  Petitioner requests attorneys' fees in the amount of $18,357.70, attorneys' costs in the amount of $613.99, and petitioner's out-of-pocket

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $109.44 for a total amount of $19,081.13.  *Id.* at 1.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $109.44 in out-of-pocket expenses.  (ECF No. 35).

On October 17, 2016, respondent filed a response to petitioner's motion.  (ECF No. 36).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00  to $14,000.00" citing five "similarly-postured" SIRVA cases where the stipulated, or unopposed, award of attorneys' fees and costs fell within the given range. *Id.* at 3.

On October 27, 2016, petitioner filed a reply.  (ECF No. 37).  Petitioner argues that respondent has provided "no detailed objections" and disputes respondent's reliance on a selection of prior SIRVA cases on a number of grounds.  (*Id.*)

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

On October 27, 2016, petitioner filed a supplemental application for attorneys' fees and costs.  (ECF No. 38).  Petitioner requests attorneys' fees in the amount of $474.50 for preparing the reply.  (ECF No. 38.)  The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, $474.50.[3]  Thus, the total amount awarded for attorneys' fees and costs is $19,555.63.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's supplemental application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $19,555.63[4] as follows:**

---

[3] The undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $19,446.19, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Ronald Craig Homer; and**

- **A lump sum of $109.44, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

3